1-00-0635

SIXTH DIVISION

July 27, 2001

No. 1-00-0635

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

)

)

RUBEN RODRIGUEZ, ) Honorable

) Ralph Reyna,

Defendant-Appellee. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

The State appeals the order of the circuit court suppressing defendant's statements to police.  On appeal, the State argues that the circuit court erred in holding that defendant's right to counsel was violated when police refused to allow a law student to consult with defendant at the police station.  We reverse and remand.

At the hearing on the motion to suppress, testimony established that on March 20, 1997, defendant was arrested for murder.  At around 2 p.m. on the following day, defendant's brother called an attorney and asked him to represent defendant.  

The attorney testified that he called the police station and spoke with an officer there.  The attorney told the officer that he had been retained to represent defendant but that he was leaving for a vacation in Florida and could not appear at the police station to speak to defendant.  The attorney told the officer that he did not want defendant interviewed further and that someone from his office would arrive at the police station shortly.

The attorney then told one of his employees, a third-year law student, to go to the police station and speak with defendant and tell him not to answer any questions from police.  The law student went to the police station and told an officer that he wanted to talk to defendant.  Since the law student was not an attorney, the officer refused to allow him to see defendant.  Defendant subsequently made incriminating statements to the police.

The circuit court suppressed defendant's incriminating statements, finding that the police had violated defendant's right to counsel by refusing to allow defendant to consult with the law student.  The State appeals pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). 

For purposes of this appeal, neither side disputes the relevant facts.  Accordingly, we conduct 
de
 
novo
 review of the circuit court's application of the law to the uncontested facts.  
People v. Chapman
, 194 Ill. 2d, 186, 208 (2000).

Two Illinois Supreme Court opinions, 
People v. McCauley
, 163 Ill. 2d 414 (1994), and 
People v. Chapman
, 194 Ill. 2d 186 (2000), control the resolution of this case.  In 
McCauley
, defendant was brought to the police station for questioning in connection with a murder.  
McCauley
, 163 Ill. 2d at 418. Defendant was advised of his 
Miranda
 rights but did not request an attorney.  
McCauley
, 163 Ill. 2d at 418.  Unknown to defendant, his family had retained an attorney for him.  Defendant's attorney went to the police station and requested to speak with defendant.  
McCauley
, 163 Ill. 2d at 418.  The police refused to allow the attorney to see defendant and also failed to tell defendant that his attorney was present at the station and seeking to consult with him.  
McCauley
, 163 Ill. 2d at 445.  Defendant subsequently made incriminating statements to police.

The trial court suppressed defendant's statements.  The supreme court affirmed.  The supreme court first noted that a defendant's right to counsel is guaranteed by article I, section 10, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §10) and that a defendant may waive those rights as long as the waiver is voluntary, knowing, and intelligent.  
McCauley
, 163 Ill. 2d at 421.  The supreme court then held that, under the facts of the case, the police violated defendant's rights under article I, section 10, by failing to tell him that his attorney was present and by refusing to allow the attorney to see defendant.
(footnote: 1)  
McCauley
, 163 Ill. 2d at 445-46.

The supreme court further concluded that defendant's statement to police was obtained in violation of defendant's due process rights under article I, section 2, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §2).  The court held that "due process is violated when police interfere with a suspect's right to his attorney's assistance and presence by affirmatively preventing the suspect, exposed to interrogation, from receiving the immediately available assistance of an attorney hired or appointed to represent him."  
McCauley
, 163 Ill. 2d at 444.

In 
Chapman
, defendant was questioned at the police station in connection with a homicide investigation.  
Chapman
, 194 Ill. 2d at 199.  While defendant was being questioned, defendant's attorney called the police and spoke briefly with an officer.  
Chapman
, 194 Ill. 2d at 206.  The attorney hung up the phone and drove to the police station; defendant made an incriminating statement after the time his attorney telephoned the officer but before the time his attorney physically arrived at the police station.  
Chapman
, 194 Ill. 2d at 205-08.

At the police station, the attorney was denied access to defendant.  Defendant subsequently made further incriminating statements.  
Chapman
, 194 Ill. 2d at 207.

The trial court admitted the statement defendant made before his attorney arrived at the police station; the trial court suppressed the statements defendant made after his counsel had arrived at the police station.  
Chapman
, 194 Ill. 2d at 208.  The supreme court affirmed.  Relying on 
McCauley
, the supreme court held that "a defendant's state constitutional rights [are] violated where the police [deny] the attorney retained for the defendant 
physical
 access to the defendant during interrogation, and where the police [do] not inform the defendant that the attorney was seeking to consult with him 
at
 
the
 
police
 
station
."   (Emphasis in original.) 
Chapman
, 194 Ill. 2d at 211.  The court refused to expand 
McCauley
 to situations where an attorney is not physically present at the police station at the time he is seeking contact with a client in custody.  
Chapman
, 194 Ill. 2d at 213.

Thus, 
McCauley
 and 
Chapman
 hold that a defendant's constitutional rights are violated when officers deny defendant access to his attorney who is physically present at the police station and ready to speak with him.  Here, defendant's attorney was not physically present at the police station, ready to speak with him; rather, the attorney sent a third-year law student to the police station in his stead.  The third-year law student was not an attorney and thus defendant's constitutional rights were not violated when the officers refused to allow defendant access to him.   Accordingly, the circuit court erred in suppressing defendant's statements.

For the foregoing reasons, we reverse the order of the circuit court granting defendant's motion to suppress and remand for further proceedings.

Reversed and remanded.

CAMPBELL, P. J., and GALLAGHER, J., concur

FOOTNOTES
1:
The Illinois Supreme Court explained that the United States Supreme Court, in 
Moran v. Burbine
, 475 U.S. 412, 89 L. Ed. 2d 410, 106 S. Ct. 1135 (1986), rejected the argument that such police conduct violated a defendant's right to counsel under the fifth amendment to the United States Constitution.  However, the Illinois Supreme Court concluded that the right to counsel under the Illinois constitution should be construed more broadly than its federal counterpart.  
McCauley
, 163 Ill. 2d at 423-24.